**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RONALD LAY and CAROL LAY,

    Plaintiffs,

    CIVIL ACTION NO. 3:10-CV-2623

    (JUDGE CAPUTO)

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM

Presently before the Court is Defendant United States of America's motion to dismiss. (Doc. 6.) Defendant claims that Plaintiffs' complaint should be dismissed either for lack of subject-matter jurisdiction or for failure to state a claim because Plaintiffs failed to follow the procedures of the Federal Tort Claims Act, specifically, providing a 'sum certain' as to damages sought within the applicable two-year limitations period. The Court agrees, and the complaint will be dismissed.

## BACKGROUND

The facts alleged in the complaint are as follows.

Plaintiffs are Pennsylvania citizens. At all times relevant to this action, Defendant acted by and through the Transportation Security Administration ("TSA"), a federal agency organized, existing, and operating under and pursuant to the laws of Defendant United States of America. On June 22, 2007, Plaintiff Ronald Lay was checking his baggage at the check-in counter at the Arkansas Regional Airport in Bentonville, Arkansas. After checking-in his baggage, Plaintiff fell over a baggage cart owned by Defendant. The cart had "no straps across the same and was the same color as the floor." Plaintiff was taken to the Emergency room of a local hospital, and, after an x-ray was taken, was told he had

fractured his hip and would need surgery.

Plaintiffs' lawyer, Ronald Bumpass, submitted a claim to the U.S. Department of Homeland Security\TSA on September 24, 2007.  The  letter outlined the incident and Mr. Lay's injuries, stated that Mr. Lay had hip surgery on June 23, 2007, and further stated that, "Mr. Lay's Medical bills are already over $27,000.00, not to mention the money put out for hotels, meals, shuttles, airfare and prescription."  Mr. Bumpass then submitted a second letter on December 16, 2009, claiming one-hundred thousand dollars ($100,000.00) as medical bills, out of pocket expenses, pain and suffering, and loss of enjoyment.  On February 4, 2010, the TSA sent Mr. Bumpass a letter denying Plaintiff's claim.  After a Request for Reconsideration of Denial of Claim was submitted, the TSA on September 14, 2010 sent Mr. Bumpass a final denial letter.  Plaintiffs then filed this complaint on December 23, 2010, bringing claims for negligence (Count I) and loss of consortium (Count II). Defendant then filed a motion to dismiss on March 18, 2011.  The motion has been fully briefed and is ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550

U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss.  *Id.*  The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining

if a plaintiff is entitled to offer evidence in support of her claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

### I.  Plaintiff Ronald Lay's Negligence Claim

Plaintiffs' negligence claim will be dismissed for failing to meet the jurisdictional prerequisites for bringing a suit against the United States in federal court.

As a sovereign, the United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  The Federal Torts Claim Act ("FTCA") operates as a limited waiver of the United States's sovereign immunity. *See Roma v. United States*, 344 F.3d 352, 362 (3d Cir.2003). "Because the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir.1989).  The FTCA is codified at various sections throughout Title 28 of the United States Code. Subsection 1346(b)(1) provides:

> Subject to the provisions of chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  Section 2675 mandates that an FTCA action "shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall

have first presented the claim to the appropriate Federal agency...." 28 U.S.C. § 2675(a).

Subsection (b) further specifies that an FTCA action "shall not be instituted for any sum *in*

*excess of the amount of the claim presented* to the federal agency...." Id. § 2675(b)

(emphasis added).  Further, under 28 U.S.C. § 2401(b), the claim must be presented to the

appropriate agency within two years after it accrues.  Finally, the Third Circuit has recently

held that, "[b]ecause the requirements of presentation and a demand for a sum certain are

among the terms defining the United States's consent to be sued, they are jurisdictional."

*White-Squire v. U.S. Postal Serv.*, 592  F.3d 453, 457 (3d Cir. 2010).

In *White-Squire*, plaintiff had sought damages after her car was struck by a United

States Postal Service ("USPS") vehicle.  Her attorney sent the USPS notice of a personal

injury claim, but did not include a sum certain for damages.  After being advised of the sum

certain requirement by the USPS, plaintiff's attorney informed them that he would be

submitting the sum certain claim once plaintiff was discharged from medical care, but it was

never submitted.  After plaintiff's complaint was brought, the district court dismissed the

action for lack of subject-matter jurisdiction because plaintiff failed to provide the USPS with

a sum certain request for damages.  On appeal, plaintiff claimed that she was not required

to submit a sum certain request because her medical treatment was ongoing.  In affirming

the district court, the Third Circuit chose not to allow for an exception to the sum certain

requirement based on plaintiff's ongoing medical treatment, finding that such an exception

"would constitute a judicial expansion of the waiver of sovereign immunity embodied in the

FTCA, something which only Congress can effectuate." *White-Squire*, 592 F. 3d at 458

(internal citation omitted).  As a result, the Third Circuit held, "a claimant's failure to present

her FTCA claim to the appropriate agency with a sum certain, as required by § 2675(b),

compels the conclusion that a district court lacks subject matter jurisdiction over the claim."
*Id.*

The Third Circuit's ruling in *White-Squire* adheres to the logic of its holding in a factually similar case, *Bialowas v. U.S.*, 443 F.2d 1047 (3d Cir. 1971). In that case, plaintiff's car was also struck by a mail truck. After the accident, plaintiff received a standard claim form. The form, under the section, 'amount of claim', contained three boxes: one for property damage dollar claim, one for personal injury dollar claim, and one for total dollar claim. In the property damage box, plaintiff wrote the word 'estimates' followed by two numerical figures. In the personal injury box, plaintiff wrote 'neck, chest, and right arm', and in the box for the total dollar claim, plaintiff wrote 'price of x-rays $35.00'. Plaintiff did not specify the amount of the claim but did attach two automobile estimates and his x-ray bill. After the district court dismissed the complaint for plaintiff's failure to file a proper administrative claim prior to instituting suit, plaintiff appealed. Affirming the district court, the Third Circuit found that plaintiff's claim form was neither dated nor signed, and that "[n]o specific sum was set forth in the claim, nor was there any information supplied from which a specific amount could be computed." *Bialowas*, 443 F.2d at 1049. In making its ruling, the Third Circuit stressed that the sum certain rule enabled the head of the federal agency in question to determine whether the claim fell within the jurisdictional limits he was authorized to process, and insured uniform procedures in the exercise of settlement authority. *Id.* at 1050. Furthermore, and significant for the instant suit, the court found no merit in plaintiff's contention that "exceptional circumstances" existed that excused his failure to exhaust his administrative remedies. *Id.* at 1050.

Finally, while in *Apollo v. U.S.*, the district court found that plaintiff's amended

6

damages claim properly "related back" and provided an adequate sum certain, the facts of that case are dissimilar from those presented here. 451 F. Supp. 137, 140 (M.D. Pa. 1978). In that case, plaintiff's husband committed suicide on weekend furlough from the VA hospital.  Plaintiff's attorney submitted a claim for damages "in excess" of ten-thousand dollars ($10,000) exactly two years after the incident.  After being informed by counsel for the Veteran's Administration that the claim was defective in that it was not for a definite amount, approximately ten weeks later plaintiff submitted a corrected claim that requested two-hundred and fifty-thousand dollars ($250,000.00) for personal injuries and the distress and anguish of plaintiff.  The court found that while the first claim was  defective in failing to provide a sum certain, it had been filed within the two-year limitations period and  the revised claim, having been *promptly* filed after plaintiff was alerted to the defect in the original claim, cured the defect and satisfied the jurisdictional requirement. 451 F. Supp. at 139.

Here, the facts present something of a hybrid of the circumstances found in the relevant case law and dictate that the Court dismiss Plaintiffs' case.  While Plaintiffs' lawyer did submit a damages figure in the September 2007 letter, the letter stated that, "Mr. Lay's Medical bills *are already* over $27,000, not to mention the money put out for hotels, meals, shuttles, airfare and prescription."  This language indicates, at best, a *floor* to Mr. Lay's damages and is analogous to the "estimate" wording which was found wanting in *Bialowas* and the "in excess" phrasing found defective in *Apollo*.  Even if Planitiffs' lawyer was waiting for final medical costs to be tallied before submitting a definitive sum certain, that does not excuse his failure to file such a statement within the two-year limitations period.  Further,

while in *Apollo*, plaintiff's subsequent claim was found to have cured the prior, defective one, the revised claim was filed *ten weeks* after plaintiff was notified of defect, while here, Plaintiffs, after being alerted to the problems with the claim, waited over *two years* to file a claim that contained a definitive sum certain.  Plaintiffs argue that the second filing should be seen as amending the first – which was filed within the limitations period – and therefore sufficient to satisfy the jurisdictional requirement.  However, they fail to make a convincing case under the controlling Third Circuit precedent.  As a result, following well-established Third Circuit precedent, Plaintiffs' negligence claim will be dismissed for failing to provide a definite sum certain within the two-years limitations period.

## II.      Plaintiff Carol Lay's Claim for Loss of Consortium

Plaintiff Carol Lay's claim for loss of consortium will also be dismissed.  Loss of consortium claims are derivative from claims of an injured spouse, but still need to be filed separately with the agency. *McDevitt v. United States Postal Service*, 963 F. Supp. 482 (E.D. Pa. 1997).  Mrs. Lay never filed such a claim with the TSA, and is therefore barred under the limitations period from now asserting this cause of action.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (Doc. 6) will be granted.  An appropriate order follows.


 5/2/11                                                          /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                               United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RONALD LAY and CAROL LAY,

     Plaintiffs,

              CIVIL ACTION NO. 3:10-CV-2623

              (JUDGE CAPUTO)

UNITED STATES OF AMERICA,

     Defendant.

## ORDER

    **NOW**, this ___2nd___ day of May, 2011, **IT IS HEREBY ORDERED** that

Defendant's Motion to Dismiss (Doc. 6) is **GRANTED.**  The Clerk of Courts is directed

to mark the case as **CLOSED**.


                  /s/ A. Richard Caputo
                  A. Richard Caputo
                  United States District Judge